UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HOLISTIC HEALTH, APMC | CIVIL ACTION |
| VERSUS | NO: 09-6769 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION: "A" (2) |

### ORDER

Before the Court is a **Motion to Remand (Rec. Doc. 9)** filed by Plaintiff Holistic Health, APMC. Defendant State Farm Fire and Casualty Company opposes the Motion. The Motion, set for hearing on November 25, 2009, is before the Court on the briefs without oral argument. For the reasons that follow the Motion is GRANTED.

**I.   BACKGROUND**

On August 31, 2009, Plaintiff Holistic Health, APMC ("Plaintiff") filed suit against Defendant State Farm Fire and Casualty Company ("Defendant") for insurance benefits. Motion to Remand ("Motion"), pg. 1. Plaintiff's suit alleges that it is entitled to reimbursement for losses due to a business interruption caused by Hurricane Gustav. Petition, ¶ 1, Exhibit A in support of Notice of Removal. More specifically, Plaintiff alleges that Defendant has already compensated it for five days of business interruption, but that it is entitled to compensation for six additional days. *Id.* Plaintiff also seeks "penalties, interest, and attorney's fees as allowed under law." *Id.* at ¶ 2. At the time it filed suit, Plaintiff was represented by its owner and operator, Steven Alevizon, M.D. *See* Petition.

On October 7, 2009, Defendant sent a letter to Dr. Alevizon requesting that he execute a

1

stipulation that the amount in controversy did not exceed $75,000 inclusive of all general and special damages, attorneys' fees, and penalties. October 7, 2009 correspondence from Brett M. Burns to Steven Alevizon, MD re *Holistic Health, APMC v. State Farm Fire and Casualty Company*, Exhibit A in support of Defendant's Memorandum in Opposition to Plaintiff's Motion to Remand ("Opposition"). On October 8, 2009, Plaintiff responded via e-mail and refused to execute the stipulation. E-mail from Steven Alevizon to Brent Burns re Stipulation and Renunciation of Right to Enforce Judgment, Exhibit B in support of Opposition.

On October 9, 2009, State Farm timely removed the action to this Court. Opposition at pg. 2. After removal, Plaintiff retained counsel who then filed the instant Motion seeking remand. Motion at pg. 2. Plaintiff argues that remand is proper because the amount in controversy is less than the $75,000 quantum necessary for this Court to exercise diversity jurisdiction as required by 28 U.S.C. § 1332(a), and also states that Plaintiff will stipulate that its claim is for less than $75,000. *Id.* at pg. 2; Memorandum in Response to Defendant's Memorandum in Opposition to Plaintiff's Motion to Remand ("Reply"), pg. 2. Defendant opposes remand, argues that this Court has diversity jurisdiction over this matter, and asserts that the amount in controversy is well in excess of $75,000. Opposition at pg. 3. The parties do not dispute the existence of diversity.

**II.    STANDARD**

"Diversity jurisdiction requires (1) complete diversity of the parties and (2) an amount-in controversy that exceeds $75,000." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003), *citing* 28 U.S.C. § 1332(a). "[A] removing defendant's burden of showing that the amount in controversy is sufficient differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages." *Davis v. State Farm Fire & Cas.*, No. 06-560, 2006 WL 1581272,

at *1 (E.D. La. June 7, 2006), *citing Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). If a plaintiff alleges damages in excess of the jurisdictional amount, "that amount controls if made in good faith." *Id*. If a plaintiff alleges less than the jurisdictional amount, this figure will generally control and therefore will bar removal. *Id.* "Thus, in a typical diversity case, the plaintiff is the master of his complaint." *Id.*

The analysis is different, however, where the relevant complaint originates in a state that does not bind a plaintiff to the amount of damages alleged in his complaint. *Davis*, 2006 WL 1581272, at *1; *see De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410-11 (5th Cir. 1995). Louisiana is an example of such a state. *See* La. Code Civ. Proc. art. 862 ("[a] final judgment shall grant relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief."). Therefore, as a matter of law, plaintiffs filing suit in Louisiana state courts allege an indeterminate amount of damages, unless they affirmatively renounce their right to recover damages in excess of, $75,000. *Jacobs v. Dun & Bradstreet, Inc.*, No. 08-3592, 2009 WL 211098, at *2 (E.D. La. Jan. 27, 2009); *Levith v. State Farm Fire & Cas. Co.*, No. 06-2785, 2006 WL 2947906, at *2 (E.D. La. Oct. 11, 2006).[1] In a situation where the plaintiff has alleged an indeterminate amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy is sufficient to confer subject matter jurisdiction. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335; *De Aguilar*, 47 F.3d at 1411; *Davis*, 2006 WL 1581272, at *2. A defendant can accomplish this either by showing that it is "facially apparent" that the plaintiff's claim exceeds the jurisdictional amount, or by demonstrating by a preponderance of

---

[1]It is important to note, however, that, in order to be conclusive, stipulations renouncing the right to recover an amount greater than $75,000 must be filed pre-removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Jacobs*, 2009 WL 211098, at *2. Post-removal, such stipulations will only be considered if the amount in controversy was ambiguous at the time of removal. *Id.*

3

the evidence that the amount in controversy exceeds the jurisdictional amount. *Simon,* 193 F.3d at 850; *Allen*, 63 F.3d at 1335.

### III. ANALYSIS

In support of its Motion, Plaintiff asserts that the amount in controversy is less than the $75,000 quantum necessary for this Court to exercise diversity jurisdiction over the parties under 28 U.S.C. § 1332(a). Motion at pg. 2. In its Reply, Plaintiff offers to stipulate to this fact. Reply at pg. 2. Defendant counters that Plaintiff's underlying claim, when considered in combination with its request for attorney's fees and penalties as well as the policy limits of the applicable insurance policy, is worth well over $75,000. Opposition at pg. 12. State Farm also argues that this conclusion is bolstered by Plaintiff's unwillingness to stipulate, prior to removal, that its claim was worth less than $75,000.

In its Complaint, Plaintiff seeks insurance proceeds for an interruption of its business caused by Hurricane Gustav. Petition at ¶ 1. Defendant has already tendered approximately $22,000 to Plaintiff under its insurance policy for five days of this business interruption. Opposition at pg. 6. This constitutes $4,400 per day of lost business ($22,000/5 = $4,400). Significantly, Plaintiff does not challenge this valuation; it merely asks for compensation for another six days of business interruption. *See* Petition at ¶ 1 ("[T]he business was impacted by Hurricane Gustave (sic) on [August 31, 2008]. . . [and] was not able to re-open for business until [September 16, 2008]."). Thus, Plaintiff's underlying claim for business interruption is for $26,400, or $4,400 per day for six days ($4,400 x 6 = $26,400).

Plaintiff also seeks "penalties, interest and attorney's fees" in its Complaint. Petition at ¶ 1. Defendant argues that when these amounts are factored into Plaintiff's claim, the total amount

4

"is in excess of $75,000."[2] Opposition at pg. 3. Although Defendant is correct that a federal district court must consider penalties and attorneys' fees, where applicable, when calculating the amount in controversy, the potential penalties Defendant faces are not sufficient to meet the amount in controversy requirement of $75,000. Under Louisiana Law, penalties against insurance providers can arise under one of two statutes, La. Rev. Stat. § 22:1892 and La. Rev. Stat. § 22:1973. *R.L. Lucien Tile Co., ex. rel. Cage v. American Sec. Ins. Co.*, 2008-1190, pg. 7 (La. App. 4 Cir. 3/11/09); 8 So.3d 753, *citing* La. Rev. Stat. § 22:1892 and La. Rev. Stat. § 22:1973.[3]

La. Rev. Stat. § 22:1892 provides that a "failure to make . . . payment" in a timely fashion, "when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty." La. Rev. Stat. § 22:1892(B)(1). When the insurer violates Section 22:1892 by tendering a partial payment when the failure to tender the full payment is found to be "arbitrary, capricious, or without probable cause," the penalty is "fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs." *Id.* This is the applicable penalty under Section 22:1892 because Defendant has already tendered some money under the policy to Plaintiff. *See* Petition at ¶ 1. Defendant has tendered $22,000 to Plaintiff, while Plaintiff claims that the total amount due to it under its policy is $48,400. Thus the difference between the "amount paid" and the amount that could be "found to be due" is $26,400. Defendant therefore faces a potential penalty of $13,200 under Section 22:1892, or fifty percent of $26,400. La. Rev. Stat. § 22:1892(B)(1).

---

[2]The Court will not consider interest or costs in calculating the amount in controversy because they are not relevant to that determination. *See Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002), *citing* 28 U.S.C. § 1332(a).

[3]La. Rev. Stat. § 22:1892 was formerly numbered as Section 22:658. Acts of 2008, No. 415, § 1. La. Rev. Stat. § 22:1973 was formerly numbered as Section 22:1220. *Id.*

La. Rev. Stat. § 22:1973 states that a failure to "pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or without probable cause" may result in the award of penalties against the insurer "in an amount not to exceed two times the damages sustained or five thousand dollars, *whichever is greater*." La. Rev. Stat. § 22:1973(B)(6) & (C) (emphasis added). The damages sustained by Plaintiff, per its allegations, are $26,400 worth of unpaid insurance proceeds. Two times this amount is greater than $5,000, so the applicable penalty which Defendant may face under Section 22:1973 is $5,000. *Id.* Therefore, between Plaintiff's claim for insurance proceeds, and applicable penalties, aside from an assessment of attorneys' fees, Defendant faces a total liability of $44,600 ($26,400 + 13,200 + $5,000 = $44,600). In order for the amount in controversy to exceed $75,000, the potential attorneys' fees would have to be somewhere in excess of $30,400 ($75,000 - $44,600). Defendants have adduced no evidence whatsoever regarding attorneys' fees, let alone sufficient evidence to support a finding that attorneys' fees could exceed $30,400.

Defendant also points to the policy limits of the insurance policy under which Plaintiff sues as support for its contention that the amount in controversy exceeds $75,000. Opposition at pp. 5 - 6. Defendant states that the "applicable State Farm policy provides coverage limits of:

| | |
|---|---|
| A. Building | $862,700 |
| B. Personal Property | $548, 800 |
| C. Loss of Income | 12 months Actual loss sustained |

Opposition at pg. 5. It is facially apparent, however, that neither the policy limits for the "building" portion of Plaintiff's insurance policy, nor the policy limits for the "personal property" section are "applicable" to the instant dispute because Plaintiff has not alleged any such damages. *See* Petition at ¶ 1. In calculating the amount in controversy, the focus is on Plaintiff's claim. *Simon v. Wal-*

6

*Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999). Policy limits may come into play in the amount in controversy calculation where it is difficult to determine the precise value of the claim, but even then the only relevant policy limits are those implicated by Plaintiff's claim. *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002). It is emphatically *not* the law of this Circuit that, as Defendant asserts, any time a Plaintiff sues under an insurance policy, the total policy limits for that policy factor into the amount in controversy. *Id.* If the law subscribed to such a rule, it would effectively divest state courts of jurisdiction over all but the most meager insurance disputes.

Finally, Defendant seeks to rest jurisdiction on Plaintiff's refusal to stipulate, prior to removal, that its claims were worth less than $75,000. Opposition at pg. 3. The Court notes that Plaintiff's willingness to now sign such a stipulation is only relevant if the facts as to the amount in controversy at the time of removal were ambiguous, and here they were not. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Jacobs v. Dun & Bradstreet, Inc.*, No. 08-3592, 2009 WL 211098, at *2 (E.D. La. Jan. 27, 2009). Plaintiff's unwillingness to sign such a stipulation prior to removal, however, is not legally significant. Further, the Court notes that Plaintiff was unrepresented at the time of removal, and finds it unreasonable to give weight to an unrepresented Plaintiff's unwillingness to sign a stipulation, explicitly designed to limit its potential recovery, tendered to it by the opposing party's counsel.

Plaintiff's underlying claim is for $26,400. Assuming that Plaintiff is able to recover penalties under Section 22:1973 and Section 22:1893, its potential recovery jumps to $44,600. Therefore, in order to reach an amount in controversy in excess of $75,000 as required for this Court to exercise diversity jurisdiction, Plaintiff would need to incur somewhere in excess of $30,400 in attorney's fees. There is no evidence to support such a finding. Therefore the amount in

7

controversy in this matter is insufficient to support diversity jurisdiction.

Accordingly, and for the foregoing reasons;

**IT IS HEREBY ORDERED** that the **Motion to Remand (Rec. Doc. 9)** filed by Plaintiff Holistic Health should be and is hereby GRANTED.

This 8th day of April 2010.

						JAY C. ZAINEY
						UNITED STATES DISTRICT JUDGE